IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-02518-REB-BNB

DEAN L. JACOBS, and
MARCIELLE S. JACOBS,

Plaintiffs,

v.

OCWEN LOAN SERVICING, LLC,
OCWEN MORTGAGE SERVICING, INC.,
OCWEN FINANCIAL CORPORATION,
FEDERAL HOME LOAN MORTGAGE CORPORATION,
WAYNE E. VADEN, in his official capacity as managing partner of the Vaden Law Firm, LLC,
WAYNE E. VADEN, in his individual capacity,
ROBERT LILJANDER, KELLER WILLIAMS REALTY, INC., in his official capacity,
ROBERT LILJANDER, in his individual capacity,
RICHARD E. PETTITT, in his official capacity, as Elbert County Public Trustee,
LAWRENCE E. CASTLE, in his official capacity, as managing partner of CASTLE LAW
GROUP, LLC, f/k/a Castle Stawiarski, LLC,
LAWRENCE E. CASTLE, in his individual capacity,
GORDON D. SMITH, in his individual capacity,
MORTGAGE ELECTRONIC REGITRATION SYSTEM ('MERS"),
MERSCORP HOLDINGS, INC., parent company of MERS, and
DOES 1-1000,

Defendants.
_____

**ORDER**
_____

This matter is before me on the plaintiffs' **Verified Complaint for Damages, Injunctive**

**and Declaratory Relief** [Doc. #1, filed 09/16/2013] (the "Complaint"). The Complaint is

STRICKEN, and the plaintiffs are directed to submit an amended complaint that complies with

this order.

The Federal Rules of Civil Procedure require that a complaint contain "(1) a short and

plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a).  "[T]he only permissible pleading is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable grounds." Blazer v. Black, 196 F.2d 139, 144 (10th Cir. 1952). "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her, and what specific legal right the plaintiff believes the defendant violated." Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007).  The requirements of Rule 8(a) guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." TV Communications Network, Inc. v. ESPN, Inc., 767 F. Supp. 1062, 1069 (D. Colo. 1991), aff'd, 964 F.2d 1022 (10th Cir. 1992).  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

The plaintiffs are proceeding *pro se*.  Although I must liberally construe the pleadings of *pro se* plaintiffs, Haines v. Kerner, 104 U.S. 519, 520-21 (1972), I cannot act as their advocate, and the plaintiffs must comply with the fundamental requirements of the Federal Rules of Civil Procedure and the local rules of this court.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

As a preliminary matter, the Complaint is not submitted on the court's standard complaint form.  "A *pro se* party shall use the forms established by this court to file an action."

D.C.COLO.LCivR 8.1A.

The Complaint is 58 pages long. It contains 29 pages of factual allegations, followed by 12 claims. The plaintiffs do not clearly identify which claims are asserted against which defendants, and they repeatedly refer collectively to "the defendants." Many of the claims lack specific factual allegations. Thus, it is necessary to dissect the 29 pages of factual allegations in order to attempt to discern which facts apply to which claim and which claim applies to which defendant(s). In addition, the Complaint contains numerous superfluous facts; legal argument; immaterial and impertinent statements; and *ad hominem* attacks against defendants--none of which are appropriately included in a complaint.

The Complaint fails to provide notice of the plaintiffs' causes of action as required by Rule 8. Accordingly, the Complaint is stricken, and the plaintiffs shall submit an amended complaint which complies with the Federal Rules of Civil Procedure, the local rules of this court, and this order.

The amended complaint must be submitted on the court's form and shall be titled "Amended Complaint." The background statement shall briefly summarize the plaintiff's case and shall not exceed one double-spaced typewritten page. Each claim shall be numbered and shall be stated separately. Each claim shall state the legal basis for the claim; shall identify which defendant(s) the claim is brought against; and shall allege facts sufficient to state a claim for relief as to each of those defendants. Each claim shall not exceed two typewritten pages, double-spaced. The Complaint shall not contain superfluous facts; legal argument; immaterial and impertinent statements; or *ad hominem* attacks against defendants.

IT IS ORDERED:

1. The Complaint [Doc. #1] is STRICKEN for failure to comply with Fed. R. Civ. P. 8 and D.C.COLO.LCivR 8.1A;

2. The plaintiffs shall have until **October 23, 2013**, to submit an amended complaint which complies with Fed. R. Civ. P. 8; D.C.COLO.LCivR 8.1A; and this order;

3. The plaintiffs' failure to comply with this order may result in a recommendation that the plaintiffs' case be dismissed;

4. The Clerk of the Court shall enclose with this order a copy of the court's complaint form.

Dated October 9, 2013.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge