IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-02518-REB-BNB

DEAN L. JACOBS, and
MARCIELLE S. JACOBS,

Plaintiffs,

v.

OCWEN LOAN SERVICING, LLC,
FEDERAL HOME LOAN MORTGAGE CORPORATION,
VADEN LAW FIRM, LLC,
LAWRENCE E. CASTLE, in his individual capacity,
MEGASTAR FINANCIAL CORP.,
YVONNE G. SMITH,
GORDON D. SMITH,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. "MERS",
MERSCORP HOLDINGS, INC.,

Defendants.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter arises on the plaintiffs' **Motion for Default Judgment as to Defendant Megastar Financial Corp.** [Doc. #49, filed 11/19/2013] (the "Motion"). I respectfully RECOMMEND that the Motion be DENIED.

As a preliminary matter, the plaintiffs are proceeding *pro se*, and I must liberally construe their pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The plaintiffs seek default judgment against defendant Megastar Financial Corp. Under the Federal Rules of Civil Procedure, a corporation must be served "by delivering a copy of the

summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant" or by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(h)(1). The Colorado Rules of Civil Procedure provide for service of a corporation as follows:

> (4) Upon any form of corporation, partnership, association, cooperative, limited liability company, limited partnership association, trust, organization, or other form of entity that is recognized under the laws of this state or of any other jurisdiction, (including any such organization, association or entity serving as an agent for service of process for itself or for another entity) by delivering a copy thereof to the registered agent for service as set forth in the most recently filed document in the records of the secretary of state of this state or any other jurisdiction, or one of the following:
>
>> (A) An officer of any form of entity having officers;
>>
>> (B) A general partner of any form of partnership;
>>
>> (C) A manager of a limited liability company or limited partnership association in which management is vested in managers rather than members;
>>
>> (D) A member of a limited liability company or limited partnership association in which management is vested in the members or in which management is vested in managers and there are no managers;
>>
>> (E) A trustee of a trust;
>>
>> (F) The functional equivalent of any person described in paragraphs (A) through (E) of this

>>subsection (4), regardless of such person's title, under:

>>>(I) the articles of incorporation, articles of organization, certificate of limited partnership, articles of association, statement of registration, or other document of similar import duly filed or recorded by which the entity or any or all of its owners obtains status as an entity or the attribute of limited liability, or

>>>(II) the law pursuant to which the entity is formed or which governs the operation of the entity;

>>(G) If no person listed in subsection (4) of this rule can be found in this state, upon any person serving as a shareholder, member, partner, or other person having an ownership or similar interest in, or any director, agent, or principal employee of such entity, who can be found in this state, or service as otherwise provided by law.

Colo. R. Civ. P. 4(e)(4).

The plaintiffs bear the burden of proving that the defendant was properly served. Federal Deposit Ins. Corp. v. Oaklawn Apartments, 959 F.2d 170, 174 (10th Cir. 1992).

The plaintiffs provide with their Motion a document titled "Proof of Service" wherein the process server declares under penalty of perjury that on October 23, 2013, he personally served a copy of the Summons and Complaint on Scott Piepper, Chief Operating Officer of Megastar Financial Corp. The plaintiffs do not provide any evidence to show that Mr. Piepper is an officer within the meaning of Fed. R. Civ. P. 4. Therefore, it is unclear from the record whether Megastar Financial, Inc., has been properly served.

Until properly served, a defendant has no duty to answer or make other motions, and entry of default judgment is inappropriate. See Fed. R. Civ. P. 12(a)(1)(A) (defendant must serve answer "within 20 days after being served with the summons and complaint"); Fed. R. Civ. P. 55(a) (clerk shall enter default when party against whom judgment is sought has failed to plead). Accordingly,

I RECOMMEND that plaintiffs' Motion for Default Judgment as to Defendant Megastar Financial Corp. [Doc. #49] be DENIED.[1]

Dated December 2, 2013.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).