IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-02518-REB-BNB

DEAN L. JACOBS, and
MARCIELLE S. JACOBS,

Plaintiffs,

v.

OCWEN LOAN SERVICING, LLC,
FEDERAL HOME LOAN MORTGAGE CORPORATION,
VADEN LAW FIRM, LLC,
LAWRENCE E. CASTLE, in his individual capacity,
MEGASTAR FINANCIAL CORP.,
YVONNE G. SMITH,
GORDON D. SMITH,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. "MERS",
MERSCORP HOLDINGS, INC.,

Defendants.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND ORDER
_____

This matter arises on **Defendant Lawrence E. Castle's Motion to Dismiss Plaintiffs' Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)** [Doc. #31, filed 11/06/2013] (the "Motion"). I respectfully RECOMMEND that the Motion be GRANTED.

The plaintiffs are proceeding *pro se*, and I must liberally construe their pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The plaintiffs filed their initial Complaint on September 16, 2013 [Doc. #1]. On October 9, 2013, I struck the Complaint [Doc. #18] because it failed to comply with the pleading requirements of Fed.R.Civ.P. 8. In doing so, I stated:

> The Complaint is 58 pages long. It contains 29 pages of factual allegations, followed by 12 claims. The plaintiffs do not clearly identify which claims are asserted against which defendants, and they repeatedly refer collectively to "the defendants." Many of the claims lack specific factual allegations. Thus, it is necessary to dissect the 29 pages of factual allegations in order to attempt to discern which facts apply to which claim and which claim applies to which defendant(s). In addition, the Complaint contains numerous superfluous facts; legal argument; immaterial and impertinent statements; and *ad hominem* attacks against defendants--none of which are appropriately included in a complaint.
>
> The Complaint fails to provide notice of the plaintiffs' causes of action as required by Rule 8. Accordingly, the Complaint is stricken, and the plaintiffs shall submit an amended complaint which complies with the Federal Rules of Civil Procedure, the local rules of this court, and this order.
>
> The amended complaint must be submitted on the court's form and shall be titled "Amended Complaint." The background statement shall briefly summarize the plaintiff's case and shall not exceed one double-spaced typewritten page. Each claim shall be numbered and shall be stated separately. Each claim shall state the legal basis for the claim; shall identify which defendant(s) the claim is brought against; and shall allege facts sufficient to state a claim for relief as to each of those defendants. Each claim shall not exceed two typewritten pages, double-spaced. The Complaint shall not contain superfluous facts; legal argument; immaterial and impertinent statements; or *ad hominem* attacks against defendants.

The plaintiffs filed their Amended Complaint on October 23, 2013 [Doc. #24]. Defendant Castle seeks dismissal of the claims against him for failure to state a claim upon which relief can be granted.

In ruling on a motion to dismiss under Rule 12(b)(6), the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

The Amended Complaint asserts eleven claims for relief arising out of the foreclosure of the plaintiffs' property. Claim One is brought against Castle and others for violation of the Due Process Clause pursuant to 42 U.S.C. § 1983.[1] Claim One contains the following allegations against Castle:

(1) "The current Colorado foreclosure law as amended in 2006 and authored by Defendant Castle on behalf of [Federal Home Loan Mortgage Corporation] and Ocwen has

---

[1]Section 1983 provides:
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State, . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

3

lowered the bar (i.e. burden of proof requirement) from 'a clear and convincing standard' to 'reasonable probability that default has occurred standard.'" *Amended Complaint*, p. 5, ¶ 2.[2]

(2) "Castle . . . while clothed with the mantle of authority of state law and acting as [a] state [actor was] able to wrestle the property away from the plaintiff without due process." Id. at p. 6, ¶ 4.

Claim Three is brought against Castle and others for civil conspiracy. Claim Three contains the following allegations against Castle:

(1) "[T]he current Colorado foreclosure law as amended in 2006 in part by Castle on behalf of [Federal Home Loan Mortgage Corporation] and Ocwen was used by Vaden as they all acted in concert to deprive Plaintiffs of their Property." Id. at p. 9, ¶ 2.

(2) "Whereas Ocwen, FHLMC, Castle and Vaden agreed and acted in concert in order to deprive the Plaintiffs of their property rights." Id. at p. 10, ¶ 3.

A complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "The burden is on the plaintiff to frame a complaint with enough factual matter (taken as true) to suggest that he or she is entitled to relief." Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (internal quotations and citation omitted).

The Tenth Circuit has stated:

> [P]lausibility . . . refer[s] to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible. The

---

[2] The Amended Complaint is not consecutively paginated. Therefore, I cite to the page numbers of the Amended Complaint as they are assigned by the court's docketing system.

> allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.
>
> This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests. See Airborne Beepers & Video, Inc. v. AT & T Mobility L.L.C., 499 F.3d 663, 667 (7th Cir.2007) ("[A]t some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8."). The Twombly Court was particularly critical of complaints that mentioned no specific time, place, or person involved in the alleged conspiracies. Given such a complaint, a defendant seeking to respond to plaintiffs' conclusory allegations ... would have little idea where to begin.

Id. at 1247 (internal quotations and citations omitted except as noted).

To state a claim in federal court, a complaint must explain what each defendant did to the plaintiff; when the defendant did it; how the defendant's action harmed the plaintiff; and what specific legal right the plaintiff believes the defendant violated. Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007).

Here, the allegations against Castle are devoid of factual detail. The plaintiffs' vague and conclusory allegations against Castle fail to state a plausible claim for violation of the Due Process Clause or civil conspiracy. Moreover, there are no factual allegations to show that Castle is a state actor under 42 U.S.C. § 1983.

The plaintiffs argue that Castle is attempting to "evade the facts detailed in the original complaint" and take advantage of the fact that I have limited the plaintiffs to two pages per claim. *Plaintiffs' Response to Castle's Motion to Dismiss* [Doc. #48], pp. 1, 5. However, the

original Complaint was stricken because the plaintiffs failed to provide specific factual allegations to support plausible claims for relief against identifiable defendants. Instead of taking advantage of their opportunity to provide two pages of specific factual allegations in a separate claim against Castle, the plaintiffs engaged in an *ad hominem* attack, claiming that Castle's arguments are a purposeful evasion of the facts.

I respectfully RECOMMEND that Defendant Lawrence E. Castle's Motion to Dismiss Plaintiffs' Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [Doc. #31] be GRANTED.[3]

Dated June 16, 2014.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[3] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).