IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-02518-REB-BNB

DEAN L. JACOBS, and
MARCIELLE S. JACOBS,

Plaintiffs,

v.

OCWEN LOAN SERVICING, LLC,
FEDERAL HOME LOAN MORTGAGE CORPORATION,
VADEN LAW FIRM, LLC,
LAWRENCE E. CASTLE, in his individual capacity,
MEGASTAR FINANCIAL CORP.,
YVONNE G. SMITH,
GORDON D. SMITH,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. "MERS",
MERSCORP HOLDINGS, INC.,

Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on **Defendant Megastar Financial Corp.'s Motion to Dismiss with Prejudice** [Doc. #73, filed 12/20/2013] (the "Motion").  I respectfully RECOMMEND that the Motion be GRANTED.

The plaintiffs are proceeding *pro se*, and I must liberally construe their pleadings.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The plaintiffs filed their initial Complaint on September 16, 2013 [Doc. #1]. On October 9, 2013, I struck the Complaint [Doc. #18] because it failed to comply with the pleading requirements of Fed.R.Civ.P. 8. In doing so, I stated:

> The Complaint is 58 pages long. It contains 29 pages of factual allegations, followed by 12 claims. The plaintiffs do not clearly identify which claims are asserted against which defendants, and they repeatedly refer collectively to "the defendants." Many of the claims lack specific factual allegations. Thus, it is necessary to dissect the 29 pages of factual allegations in order to attempt to discern which facts apply to which claim and which claim applies to which defendant(s). In addition, the Complaint contains numerous superfluous facts; legal argument; immaterial and impertinent statements; and *ad hominem* attacks against defendants--none of which are appropriately included in a complaint.
>
> The Complaint fails to provide notice of the plaintiffs' causes of action as required by Rule 8. Accordingly, the Complaint is stricken, and the plaintiffs shall submit an amended complaint which complies with the Federal Rules of Civil Procedure, the local rules of this court, and this order.
>
> The amended complaint must be submitted on the court's form and shall be titled "Amended Complaint." The background statement shall briefly summarize the plaintiff's case and shall not exceed one double-spaced typewritten page. Each claim shall be numbered and shall be stated separately. Each claim shall state the legal basis for the claim; shall identify which defendant(s) the claim is brought against; and shall allege facts sufficient to state a claim for relief as to each of those defendants. Each claim shall not exceed two typewritten pages, double-spaced. The Complaint shall not contain superfluous facts; legal argument; immaterial and impertinent statements; or *ad hominem* attacks against defendants.

The plaintiffs filed their Amended Complaint on October 23, 2013 [Doc. #24]. The Amended Complaint asserts eleven claims for relief arising out of the foreclosure of their property. Claims Eight, Nine, Ten, and Eleven are asserted against defendant Megastar

Financial Corp. ("Megastar").  Megastar seeks dismissal of the claims against it pursuant to

Fed.R.Civ.P. 12(b)(6).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded

allegations as true and must construe all reasonable inferences in favor of the plaintiff.  City of

Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537

F.2d 385, 386 (10th Cir. 1976).  The complaint must contain specific allegations sufficient to

establish that it plausibly supports a claim for relief.  Alvarado v. KOB-TV, L.L.C., 493 F.3d

1210, 1215 n.2 (10th Cir. 2007).  "The issue is not whether a plaintiff will ultimately prevail but

whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416

U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

### Claim Eight

In Claim Eight, the plaintiffs allege negligence per se against Megastar and others.

Specifically, the plaintiffs allege that defendants Ocwen Loan Servicing, LLC ("Ocwen");

Federal Home Loan Mortgage Corp. ("FHLMC"); Mortgage Electronic Registration Systems,

Inc. ("MERS'); and Vaden Law Firm, LLC ("Vaden") "fabricated and used false/forged

documents in county records" and used the records to foreclose on the property formerly owned

by the plaintiffs in violation of the Colorado Consumer Protection Act and the "Colorado

Spurious Lien and Documents Statutes."  *Amended Complaint*, p. 19, ¶ 2.[1]  The only intelligible

allegations against Megastar are found in Claim Ten: defendants Yvonne and Gordon Smith

"purchased Plaintiffs' home from FHLMC with financing from Megastar."  Id. at p. 23, ¶ 22.

---

[1]The Amended Complaint is not consecutively paginated.  Therefore, I cite to the page
numbers of the Amended Complaint as they are assigned by the court's docketing system.

"Negligence and negligence per se are established by a showing that the defendant's conduct was such that it breached a duty to meet a certain standard of care."  E.g., Lui v. Barnhart, 987 P.2d 942, 945 (Colo.App. 1999).  The plaintiffs do not allege any duty owed to them, or any breach of that duty, by Megastar.  Nor do they allege that Megastar was involved in any fabrication of false or forged documents, or that Megastar was involved in the foreclosure. "[A] complaint must have enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" Kansas Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1214 (10th Cir. 2011) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The plaintiffs fail to state a plausible claim for negligence per se.

### Claim Nine

In Claim Nine, the plaintiffs allege a claim for intentional infliction of emotional distress against Megastar and others.  The elements of a claim for intentional infliction of emotional distress are "(1) the defendant engaged in extreme and outrageous conduct; (2) the defendant engaged in such conduct recklessly or with the intent of causing the plaintiff severe emotional distress; and (3) the defendant's conduct caused the plaintiff to suffer severe emotional distress." English v. Griffith, 99 P.3d 90, 93 (Colo.App. 2004) (citing Culpepper v. Pearl St. Bldg., Inc., 877 P.2d 877, 882 (Colo. 1994); Coors Brewing Co. v. Floyd, 978 P.2d 663, 665 (Colo. 1999)).

Claim Nine is focused on the other defendants' alleged use of false and forged documents to foreclose on the plaintiffs' former property.  The only factual allegation against Megastar is that it "intentionally" filed a deed of trust. *Amended Complaint*, p. 21, ¶ 5.  As with Claim Eight, there are no allegations that Megastar fabricated documents or participated in the foreclosure. "[A] plaintiff must offer specific factual allegations to support each claim."  Collins, 656 F.3d at

4

1214.  The plaintiffs have failed to provide any specific factual allegations to support a plausible claim for intentional infliction of emotional distress against Megastar.

## Claim Ten

In Claim Ten, the plaintiffs assert that Megastar and others were negligent.  This claim is also focused on the other defendants' use of fabricated documents to foreclose on the plaintiff's former property.  As with their negligence per se claim, they plaintiffs do not allege any factual allegations to show that Megastar owed them a duty or breached a duty owed to them.  The claim is devoid of any factual allegations which would state a plausible claim for negligence against Megastar.

## Claim Eleven

Claim Eleven alleges that Megastar and others violated C.R.S. § 38-35-109(3), Colorado's "spurious lien/documents statutes by purporting to convey, encumber, create a lien and otherwise affect the title of the Plaintiff's Property."  Section 109(3) provides:

> Any person who offers to have recorded or filed in the office of the county clerk and recorder any document purporting to convey, encumber, create a lien against, or otherwise affect the title to real property, knowing or having a reason to know that such document is forged or groundless, contains a material misstatement or false claim, or is otherwise invalid, shall be liable to the owner of such real property for the sum of not less than one thousand dollars or for actual damages caused thereby, whichever is greater, together with reasonable attorney fees.

Claim Eleven does not contain any specific factual allegations concerning Megastar.  It contains only  "a formulaic recitation of the elements of a cause of action" which is not sufficient to state a claim for relief.  Twombly, 550 U.S. at 555.

The plaintiffs complain that they were "limited to two pages per cause of action . . . which severely limited their ability to lay out in detail all their claims." *Plaintiffs' Response to Megastar Financial Corp. Motion to Dismiss* [Doc. #77], p. 3.  However, the original Complaint was stricken and the plaintiffs were limited to two pages per cause of action because they failed in the original Complaint to provide specific factual allegations to support plausible claims for relief against identifiable defendants.  The plaintiffs had an opportunity to provide two pages of specific factual allegations in separate claims against Megastar, but they failed to do so.  Indeed, they did not use the full two pages for several of their claims, including Claim Nine (using 1 and 1/8 pages), Claim Ten (using 1 and 1/4 pages) , and Claim Eleven (using 1/3 of a page).

I respectfully RECOMMEND that Defendant Megastar Financial Corp.'s Motion to Dismiss With Prejudice [Doc. #73] be GRANTED.[2]

Dated June 16, 2014.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

---

[2]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).