IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-02518-REB-BNB

DEAN L. JACOBS, and
MARCIELLE S. JACOBS,

Plaintiffs,

v.

OCWEN LOAN SERVICING, LLC,
FEDERAL HOME LOAN MORTGAGE CORPORATION,
VADEN LAW FIRM, LLC,
LAWRENCE E. CASTLE, in his individual capacity,
MEGASTAR FINANCIAL CORP.,
YVONNE G. SMITH,
GORDON D. SMITH,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. "MERS",
MERSCORP HOLDINGS, INC.,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on the **Smith Defendants' Motion to Dismiss with Prejudice** [Doc. #52, filed 11/20/2013] (the "Motion"). I respectfully RECOMMEND that the Motion be GRANTED.

The plaintiffs are proceeding *pro se*, and I must liberally construe their pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The plaintiffs filed their Amended Complaint on October 23, 2013 [Doc. #24]. The Amended Complaint asserts eleven claims for relief arising out of the foreclosure of the

plaintiffs' property. Claim Ten is the only claim asserted against defendants Yvonne and Gordon Smith (the "Smiths"). The Smiths seeks dismissal of Claims Ten pursuant to Fed.R.Civ.P. 12(b)(6).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

In Claim Ten, the plaintiffs allege negligence on the part of defendants Ocwen Loan Servicing, LLC ("Ocwen"); Federal Home Loan Mortgage Corp. ("FHLMC"); Mortgage Electronic Registration Systems, Inc. ("MERS'"); Megastar Financial Corp. ("Megastar"); Vaden Law Firm, LLC ("Vaden"); and the Smiths. Specifically, the plaintiffs allege that Vaden, Ocwen, and FHLMC fabricated "false/forged documents" to facilitate foreclosure on the plaintiffs' former property, and MERS and Ocwen failed to supervise its employees. *Amended Complaint*, p. 23.[1]

"In well-settled tort jurisprudence, a claimant alleging negligence of another party must establish the existence of a duty, a breach of that duty, causation, and damages." Redden v. SCI

---

[1] The Amended Complaint is not consecutively paginated. Therefore, I cite to the page numbers of the Amended Complaint as they are assigned by the court's docketing system.

Colorado Funeral Services, Inc., 38 P.3d 75, 80 (Colo. 2001).  The only allegation involving the Smiths is that "[a]lthough they had constructive notice of litigation as to the Plaintiffs' Property, the Smiths purchased Plaintiffs' home from FHLMC with financing from Megastar." *Amended Complaint*, p. 23, ¶ 2.  The plaintiffs do not allege the existence of a duty owed to them by the Smiths, a breach of that duty, causation, or damages caused by the Smiths.

"To state a claim, a plaintiff's complaint must show that the pleader is entitled to relief.  This means that the plaintiff must allege enough factual matter, taken as true, to make his claim to relief plausible on its face.  This is not to say that the factual allegations must themselves be plausible; after all, they are assumed to be true.  It is just to say that relief must follow from the facts alleged."  Bryson v. Gonzales, 534 F.3d 1282, 1286 (10th Cir. 2008) (internal quotations and citations omitted).  Here, the plaintiffs have not alleged any facts to show that they are entitled to relief against the Smiths.  The plaintiffs' negligence claim against the Smiths should be dismissed.

The plaintiffs also request that the court "[p]reliminarily and permanently enjoin Yvonne G. Smith and Gordon D. Smith from selling to any other party Plaintiffs' property." *Amended Complaint*, p. 27.  The plaintiffs do not provide any basis for this request.  To the contrary, the state court has denied the plaintiffs' request to quiet title, and the property no longer belongs to the plaintiffs.  *Motion*, Ex. D.  The plaintiffs' request for injunctive relief should be denied.

Finally, the Smiths seek attorney fees and costs.  *Motion*, p. 7.  In the event this Recommendation is adopted by the district judge, the Smiths may seek costs pursuant to D.C.COLO.LcivR 54.1, and may file a separate motion, supported by legal authority, for attorney fees.

I respectfully RECOMMEND that the Smith Defendants' Motion to Dismiss with Prejudice [Doc. #52] be GRANTED.[2]

Dated June 16, 2014.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

---

[2] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).