**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-02518-REB-BNB

DEAN L. JACOBS, and
MARCIELLE S. JACOBS,

    Plaintiffs,

v.

OCWEN LOAN SERVICING, LLC,
FEDERAL HOME LOAN MORTGAGE CORPORATION,
VADEN LAW FIRM, LLC,
LAWRENCE E. CASTLE, in his individual capacity,
MEGASTAR FINANCIAL CORP.,
YVONNE G. SMITH,
GORDON D. SMITH,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. "MERS",
MERSCORP HOLDINGS, INC.,

    Defendants.

---

**ORDER ADOPTING RECOMMENDATIONS OF
UNITED STATES MAGISTRATE JUDGE**

---

**Blackburn, J.**

This matter is before me on the following: (1) **Defendant Lawrence E. Castle's Motion to Dismiss Plaintiffs' Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)** [#31][1] filed 11/06/2013; (2) **Defendant Vaden Law Firm LLC's Motion to Dismiss Pursuant to Fed.R.Civ.P. Rules 12(b)(1), 12(b)(5), 12(b)(6), and 41(b)** [#45] filed November 15, 2013; (3) the **Motion for Default Judgment as to Defendant Megastar Financial Corp.** [#49] filed November 19, 2013; (4) **Smith Defendants'**

---

[1] "[#31]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

**Motion to Dismiss with Prejudice** [#52] filed November 20, 2013; (5) the **Motion for Entry of Default** [#56] filed November 27, 2013; (6) **The Ocwen Defendants' Motion to Dismiss Plaintiffs' Amended Complaint Pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6)** [#67] filed December 12, 2013; and (7) **Defendant Megastar Financial Corp.'s Motion to Dismiss with Prejudice** [#73] filed December 20, 2013.

Addressing these motions, I review also the following recommendations, which address each of the motions: (1) **Recommendation of United States Magistrate Judge** [#57] filed December 2, 2013; (2) **Recommendation of United States Magistrate Judge** [#84] filed June 16, 2014; (3) **Recommendation of United States Magistrate Judge** [#85] filed June 16, 2014; (4) **Recommendation of United States Magistrate Judge** [#86] filed June 16, 2014; and (5) **Recommendation of United States Magistrate Judge** [#87] filed June 16, 2014.  The plaintiffs filed objections [#65 & #88] to the recommendations, and the defendants filed responses [#91, #92, #93, & #99] to the objections.

The plaintiffs are proceeding *pro se* Accordingly, I have construed their pleadings and other filings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. **See Erickson v. Pardus**, 551 U.S. 89, 94 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendations to which the plaintiffs object. Thus, I have considered carefully the recommendations, the objections, the responses to objections, and the applicable case law

## I.  BACKGROUND

The magistrate judge provides in one of his recommendations [#86] a thorough and detailed description of the relevant facts, with citations to relevant exhibits. I summarize here the basic factual background of this case. In June 2006, the plaintiffs, Dean L. Jacobs and Marcielle S. Jacobs, obtained a mortgage loan in the principal amount of $370,000.00. The Jacobs executed a promissory note and deed of trust. The deed of trust encumbered property known as 305 Rolling Hills Place, Parker, Colorado 80138 (the Property).

The plaintiffs defaulted on the promissory note and deed of trust. Defendant, Ocwen Loan Servicing, LLC (Ocwen), commenced a non-judicial foreclosure proceeding in the District Court, Elbert County, Colorado. In the foreclosure proceeding, Ocwen represented that it was acting as servicer for Credit Suisse First Boston (CSFB). A non-judicial foreclosure is governed by Rule 120 of the Colorado Rules of Civil Procedure. In the Rule 120 proceeding, the Jacobs challenged the standing of Ocwen to pursue the foreclosure proceeding. After a hearing, the Elbert County District Court issued an Order Authorizing Sale and ordered that the original Note and Deed of Trust be lodged with the Trustee to complete the foreclosure sale.

On December 22, 2010, the Public Trustee sold the Property to Ocwen, as servicer for CSFB, at a public sale. On January 18, 2011, the Public Trustee issued its Confirmation Deed vesting free and clear title to the Property in Ocwen, as servicer for CSFB.

On January 25, 2011, Ocwen executed a Special Warranty Deed conveying the property to the Federal Home Loan Mortgage Corporation (FHLMC), and the deed was recorded on January 31, 2011. At some point, Ocwen realized that it had erroneously brought the Rule 120 proceeding as "Ocwen as servicer for CSFB." On February 4,

2011, Ocwen, as Servicer for CSFB, executed a Quitclaim Deed conveying the Property to Ocwen Loan Servicing, LLC. On February 4, 2011, the Elbert County District Court entered its order approving sale. FHLMC sold the Property to defendants, Yvonne G. Smith and Gordon D. Smith.

Additional litigation occurred after the order approving sale, including two forcible entry and detainer actions against the Jacobs and litigation initiated by the Jacobs challenging the Rule 120 Proceedings and related actions. Ultimately, the Rule 120 foreclosure was upheld by the Colorado Court of Appeals. **Jacobs v. Fed. Home Loan Mortgage Corp.**, No. 12CA2048, 2013 WL 5574498 (Colo. App. Oct. 10, 2013), **cert. denied**, 13SC928, 2014 WL 3703655 (Colo. July 28, 2014); Ocwen motion to dismiss [#86], Exhibit CC (opinion of Colorado Court of Appeals).

The Jacobs filed their complaint [#1] in this case on September 16, 2013. On October 9, 2013, the court entered an order [#18] striking the 58 page complaint because it did not comply with the requirements of FED. R. CIV. P. 8. The court required the plaintiffs to file an amended complaint with certain limitations, in an effort to ensure compliance with Rule 8. Order [#18], pp. 3 - 4. The Jacobs filed an amended complaint [#24] and that complaint currently is the operative pleading. In the amended complaint [#24], the Jacobs assert claims against various entities and persons allegedly involved in the foreclosure proceedings. Their claims include: (1) 42 U.S.C. § 1983 (due process); (2) 42 U.S.C. § 1983 (equal protection); (3) 42 U.S.C. § 1983 (civil conspiracy); (4) fraud; (5) violation of the federal Fair Debt Collection Practices Act; (6) violation of the Colorado Fair Debt Collection Practices Act; (7) violation of the Colorado Consumer Protection Act; (8) negligence per se; (9) intentional infliction of emotional distress; (10) negligence; and (11) violation of the Colorado statute which prohibits

spurious lien documents.  In each claim, the Jacobs specify the defendants against whom they bring each claim.  The motions now before the court address the claims asserted in the amended complaint [#24].

## II.  MOTIONS & RECOMMENDATIONS

### A.  Motion to Dismiss of Lawrence Castle [#31]

As asserted in the amended complaint [#24], claims one (§ 1983 due process) and three (§ 1983 civil conspiracy) are asserted against defendant, Lawrence E. Castle in his individual capacity.  The recommendation [#84] of the magistrate judge addresses the motion to dismiss [#31] of Mr. Castle. For the reasons detailed by the magistrate judge, I agree that the motion to dismiss of Mr. Castle must be granted.  Primarily, the allegations of the plaintiffs concerning Mr. Castle are vague and conclusory, and the plaintiffs aver no plausible factual allegations which show that Mr. Castle is a state actor, as that term applies under § 1983.  Concerning the motion to dismiss of Mr. Castle [#31], the analysis of the magistrate judge stated in his recommendation [#84] is correct and circumstantiated. Thus, I approve and adopt that analysis.  I overrule the concomitant objections to this recommendation, as stated in the combined objections [#88] of the plaintiffs.

The contention of the plaintiffs that the court must treat as the operative complaint both their original complaint [#1], which was stricken, and their amended complaint [#24] is without any legal basis.  As discussed by the magistrate judge in one of his recommendations [#86], under FED. R. CIV. P. 8, the plaintiffs are required to make a short and plain statement of their claims in a complaint.  They may not now rely on their original complaint, which was stricken because that complaint [#1] does not comply with the requirements of Rule 8.

5

### B.  Motion To Dismiss of Vaden Law Firm  [#45]

Defendant Vaden Law Firm, LLC is named as a defendant in all claims in the amended complaint [#24], except claim ten.  For the reasons detailed by the magistrate judge in his recommendation [#86], claims one, two, and three (§ 1983 - due process, equal protection, civil conspiracy) must be dismissed because these claims are barred by the applicable statute of limitations, because the plaintiffs make no plausible factual allegations which show that the Vaden Law Firm is a state actor, as that term applies under § 1983, and because otherwise the factual allegations in the amended complaint [#24] are not sufficient to state a claim on which relief can be granted under § 1983. Claim four (fraud) must be dismissed because this claim is barred by the applicable statute of limitations and because otherwise the factual allegations in the amended complaint [#24] are not sufficient to state a claim for fraud.  Claims five and six (federal and Colorado Fair Debt Collections Practices Acts) must be dismissed because they are barred by the applicable statutes of limitations.

Claim seven (Colorado Consumer Protection Act (CCPA)) must be dismissed because the allegations in the amended complaint [#24] are not sufficient to state a CCPA claim.  Specifically, the allegations of the plaintiff are not sufficient to plausibly allege an impact on the public, an essential element of a CCPA claim.  ***Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.***, 62 P.3d 142, 149 (Colo. 2003). Claims eight (negligence per se), nine (intentional infliction of emotional distress), and eleven (spurious lien documents) must be dismissed because these claims are barred by the applicable statute of limitations.  In addition, the factual allegations in the amended complaint [#24] are not sufficient to state a claim on which relief can be granted. Concerning each of the claims against the Vaden Law Firm, the analysis of

the magistrate judge stated in his recommendation [#86] is correct and circumstantiated. Thus, I approve and adopt that analysis. Concomitantly, I overrule the objections to this recommendation, as stated in the combined objections [#88] of the plaintiffs.

### C. Motions for Default Judgment [#49 & #56]

In his recommendation [#57], the magistrate judge addresses the **Motion for Default Judgment as to Defendant Megastar Financial Corp.** [#49] filed November 19, 2013. In a second motion for default judgment [#56] filed November 27, 2013, the plaintiffs also seek entry of a default judgment against Megastar. In both motions, the plaintiffs request the same relief, entry of a default judgment against Megastar Financial Corp., and assert the same bases for relief. I apply the analysis of the magistrate judge to both motions. As noted by the magistrate judge, the plaintiffs do not provide with their motion any evidence to show that the individual served with the summons and complaint is an officer of Megastar within the meaning of FED. R. CIV. P. 4. Absent proof of valid service, entry of a default judgment is not proper. In the context of this case, the additional proof provided by the plaintiffs in their objections [#65] is too little too late.

In addition, I note that Megastar filed a motion to dismiss [#73] on December 20, 2013. Given the effort of Megastar to actively defend in this case, I find and conclude that the entry of a default judgment is not proper. I approve and adopt the recommendation [#57] of the magistrate judge that the motions for default judgment be denied. I overrule the objections to this recommendation, as stated in the objections [#65] of the plaintiffs.

### D. Motion To Dismiss of the Smith Defendants [#52]

After the Rule 120 foreclosure proceedings, FHLMC sold the Property to

7

defendants, Yvonne G. Smith and Gordon D. Smith. The Smiths are named as defendants in claim ten (negligence). As detailed by the magistrate judge in his recommendation [#87], the factual allegations in the amended complaint [#24] are not sufficient to state a plausible negligence claim against the Smiths. I approve and adopt the recommendation [#87] of the magistrate judge concerning the motion to dismiss of the Smiths. Thus, the motion to dismiss [#52] filed by the Smiths must be granted. I overrule the corresponding objections to this recommendation, as stated in the combined objections [#88] of the plaintiffs.

The magistrate judge recommends that the Smiths be permitted to file a separate motion for attorney fees. I agree with this recommendation and will permit the Smiths to file such a motion. I overrule the concomitant objections to this recommendation, as stated in the combined objections [#88] of the plaintiffs.

### E. Motion To Dismiss of the Ocwen Defendants [#67]

A group of defendants jointly filed a motion to dismiss [#67], and I refer to this group of defendants as the Ocwen Defendants. The Ocwen Defendants include defendants, Ocwen Loan Servicing, LLC, FHLMC, Mortgage Electronic Registration Systems, Inc.(MERS), and MERSCORP Holdings, Inc. One or more of the Ocwen Defendants is named as a defendant in all eleven claims asserted in the amended complaint [#24]. Each of these claims must be dismissed as to the Ocwen Defendants for the reasons detailed by the magistrate judge in his recommendation [#86] and summarized above with regard to these claims as asserted against the Vaden Law Firm, LLC and, concerning claim ten, as summarized above with regard to the Smiths. In addition, as noted by the magistrate judge, the plaintiffs make no factual allegations concerning defendant, MERSCORP Holdings, Inc. As a result, the allegations in the

amended complaint [#24] are not sufficient to state a claim of any kind against MERSCORP Holdings, Inc. Concerning the motion to dismiss of the Ocwen defendants [#67], I approve and adopt the analysis of the magistrate judge as stated in his recommendation [#86]. I overrule the corresponding objections to this recommendation, as stated in the combined objections [#88] of the plaintiffs.

In his recommendation [#86], the magistrate judge addresses the contention that the Rooker-Feldman doctrine bars certain of the claims of the plaintiffs. This doctrine prohibits a United States district court from considering claims that have been adjudicated in state courts and claims inextricably intertwined with a prior state court judgment because United States district courts do not have subject matter jurisdiction over such claims. *Guttman v. G.T. S. Khalsai*, 446 F.3d 1027, 1031 (10th Cir. 2006). The Rooker-Feldman doctrine "applies only to suits fled after state proceedings are final." *Id*. at 1032. In one of the state court lawsuits related to the foreclosure, the plaintiffs asserted counterclaims against FHLMC asserting claims for violation of the Fair Debt Collection Practices Act, the Colorado Consumer Protection Act, and for intentional infliction of emotional distress. Those counterclaims were dismissed with prejudice by the Elbert County District Court, and nothing in the record indicates that these claims against FHLMC were pending in state court when this case was filed. As a result, the claims of the plaintiffs against FHLMC for violation of the Fair Debt Collection Practices Act, the Colorado Consumer Protection Act, and for intentional infliction of emotional distress must be dismissed because they are barred by the Rooker-Feldman doctrine.

The magistrate judge notes also the contention that the *Younger* abstention doctrine bars consideration of the claims of the plaintiffs in which they seek an order

9

voiding the foreclosure proceedings against the Property, declaring the relevant promissory note and deed of trust void and unenforceable, and challenging the constitutionality of Rule 120 and Colorado foreclosure statutes. Under the *Younger* abstention doctrine, a federal court must abstain from exercising jurisdiction (1) when there is an ongoing state court proceeding; (2) the state court provides an adequate forum to hear the claims raised in the federal complaint; and (3) the state proceedings involve important state interests and implicate separately articulated state policies. *Weitzel v. Division of Occupational and Professional Licensing of the Dept. of Commerce of the State of Utah*, 240 F.3d 871, 875 (2001).

When the magistrate judge issued his recommendation [#86], the plaintiffs had pending before the Colorado Supreme Court a petition for certiorari in a case related to the foreclosure.. In that case, the plaintiffs challenged the foreclosure proceeding, including a challenge to the constitutionality of Rule 120 and state foreclosure procedures. Based on these facts, the magistrate judge recommends that similar claims asserted in this case be dismissed without prejudice based on the *Younger* abstention doctrine. After the magistrate judge issued his recommendation, the Colorado Supreme Court denied the petition for certiorari. *Jacobs v. Fed. Home Loan Mortgage Corp.*, No. 12CA2048, 2013 WL 5574498 (Colo. App. Oct. 10, 2013), *cert. denied*, 13SC928, 2014 WL 3703655 (Colo. July 28, 2014). At this point, it appears there now is no ongoing state court proceeding concerning the claims listed above. Therefore, I conclude that *Younger* abstention no longer is applicable to those claims.

### F.  Motion To Dismiss of Megastar Financial [#73]

The plaintiffs name Megastar Financial Corp. as a defendant in claims eight (negligence per se), nine (intentional infliction of emotional distress), ten (negligence),

10

and eleven (spurious lien documents). The key factual allegations against Megastar that it "intentionally" filed a deed of trust and that Megastar knew certain documents were forged and otherwise were false. *Amended Complaint* [#24], p. 20, ¶ 5, p. 24, ¶ 2. For the reasons detailed by the magistrate judge, the claims against Megastar must be dismissed. Concerning the negligence claims, claims eight and ten, the allegations of the plaintiffs do not allege plausibly that Megastar owed a duty to the plaintiffs or that Megastar breached any such duty. Nor do the plaintiffs allege that Megastar was involved in any fabrication of false or forged documents, or that Megastar was involved in the foreclosure.

In claim nine, the plaintiffs assert a claim for intentional infliction of emotional distress. For the reasons discussed previously, this claim must be dismissed because it is barred by the applicable statute of limitations. In addition, the factual allegations in the amended complaint [#24] are not sufficient to state a claim on which relief can be granted. With regard to claim nine, the analysis of the magistrate judge stated in his recommendation [#86] is correct and circumstantiated. Thus, I approve and adopt that analysis. Finally, claim eleven (spurious lien documents) also must be dismissed as to Megastar. As stated in the amended complaint [#24], claim eleven does not contain any specific factual allegations concerning Megastar. Rather, it contains only a "a formulaic recitation of the elements of a cause of action" which is not sufficient to state a claim for relief. **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 555 (2007). With regard to the motion to dismiss of Megastar Financial [#73], I approve and adopt the analysis of the magistrate judge as stated in his recommendation [#85]. I overrule the corresponding objections to this recommendation, as stated in the combined objections [#88] of the plaintiffs.

### III. CONCLUSION & ORDER

For the reasons detailed by the magistrate judge in his recommendation [#57] concerning the motions filed by the plaintiffs for default judgment against Megastar Financial Corporation, those motions for default judgment [#49 & #56] must be denied. I approve and adopt the recommendation [#57] concerning the motions for default judgment and I deny those motions.

For the reasons detailed by the magistrate judge in his recommendations [#84, #85, #86, & #87], each of the motions to dismiss now before the court must be granted. I approve and adopt each of the recommendations [#84, #85, #86, & #87] and grant each of the motions to dismiss addressed in those recommendations. Resolution of these motions to dismiss resolves all of the claims asserted against all of the defendants in this case. Therefore, I dismiss this case and order the entry of judgment in favor of the defendants and against the plaintiffs.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#57] filed December 2, 2013, is **APPROVED** and **ADOPTED** as an order of this court;

2. That the **Motion for Default Judgment as to Defendant Megastar Financial Corp.** [#49] filed November 19, 2013, is **DENIED**;

3. That the **Motion for Entry of Default** [#56] filed November 27, 2013, is **DENIED**;

4. That the **Recommendation of United States Magistrate Judge** [#84] filed June 16, 2014, is **APPROVED** and **ADOPTED** as an order of this court;

5. That **Defendant Lawrence E. Castle's Motion to Dismiss Plaintiffs' Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)** [#31] filed November 6,

2013, is **GRANTED**;

6. That the **Recommendation of United States Magistrate Judge** [#85] filed June 16, 2014, is **APPROVED** and **ADOPTED** as an order of this court;

7. That **Defendant Megastar Financial Corp.'s Motion to Dismiss with Prejudice** [#73] filed December 20, 2013, is **GRANTED**;

8. That the **Recommendation of United States Magistrate Judge** [#86] filed June 16, 2014, is **APPROVED** and **ADOPTED** as an order of this court;

9. That **Defendant Vaden Law Firm LLC's Motion to Dismiss Pursuant to Fed.R.Civ.P. Rules 12(b)(1), 12(b)(5), 12(b)(6), and 41(b)** [#45] filed November 15, 2013, is **GRANTED**;

10. That **The Ocwen Defendants' Motion to Dismiss Plaintiffs' Amended Complaint Pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6)** [#67] filed December 12, 2013, is **GRANTED**;

11. That the **Recommendation of United States Magistrate Judge** [#87] filed June 16, 2014, is **APPROVED** and **ADOPTED** as an order of this court;

12. That the **Smith Defendants' Motion to Dismiss with Prejudice** [#52] filed November 20, 2013, is **GRANTED**;

13. That the objections [#65 & #88] of the plaintiffs to the recommendations of the magistrate judge are **OVERRULED**;

14. That each and all of the claims alleged in the **Amended Complaint** [#24] are **DISMISSED** with prejudice;

15. That **JUDGMENT SHALL** enter in favor of the defendants, Ocwen Loan Servicing, LLC, Federal Home Loan Mortgage Corporation, Vaden Law Firm, LLC, Lawrence E. Castle, Megastar Financial Corp., Yvonne G. Smith, Gordon D. Smith,

13

Mortgage Electronic Registration Systems, Inc. "MERS," and MERSCORP Holdings, Inc., against the plaintiffs, Dean L. Jacobs and Marcielle S. Jacobs, on each of the claim asserted in the amended complaint [#24];

16. That the court retains jurisdiction to address any motion for an award of attorney fees which may be filed by defendants, Yvonne G. Smith and Gordon D. Smith;

17. That if defendants Yvonne G. Smith and Gordon D. Smith wish to file a motion for an award of attorney fees, any such motion **SHALL BE FILED** by August 29, 2014, and shall comply with the requirements of FED. R. CIV. P. 54 and D.C.COLO.LCivR 54.3;

18. That any response and reply to a motion for an award of attorney fees shall be marshaled in the time and manner required by D.C.COLO.LCivR 7.1(d); and

19. That the defendants are **AWARDED** their costs, to be taxed by the clerk of the court under Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated August 7, 2014, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge