IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-02518-REB-BNB

DEAN L. JACOBS and MARCIELLE S. JACOBS,

    Plaintiffs,

v.

OCWEN LOAN SERVICING, LLC,
FEDERAL HOME LOAN MORTGAGE CORPORATION,
VADEN LAW FIRM, LLC,
LAWRENCE E. CASTLE, in his individual capacity
MEGASTAR FINANCIAL CORP.,
YVONNE G. SMITH,
GORDON D. SMITH,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. "MERS"
MERSCORP HOLDINGS, Inc.

    Defendants.

---

**DEFENDANT VADEN LAW FIRM, LLC'S MOTION FOR ATTORNEYS' FEES**

---

The Vaden Law Firm, LLC ("VLF"), by and through its undersigned counsel, and in accordance with Fed. R. Civ. P. 54 and D.C.Colo.LCivR 54.3, respectfully requests an award of attorneys' fees as it is the prevailing party in this matter. In support of this request, VLF states the following:

**CERTIFICATE OF COMPLIANCE**

Pursuant to D.C.COLO.LCivR 7.1A, Defendant's undersigned counsel certifies that conferral with Plaintiffs occurred regarding this motion and they oppose the relief requested.

## INTRODUCTION

On August 8, 2014, final judgment was entered in favor of Defendants and against Plaintiffs. [Doc. # 106]. Plaintiffs' entire case was dismissed. This complete dismissal at such an early stage of litigation, combined with the Plaintiffs' utter failure to allege factual allegations to support their claims, indicate that this action was groundless, without foundation, and brought in bad faith for the purpose of harassment. Accordingly, as a prevailing party in such an action, VLF is entitled to its attorneys' fees on multiple grounds.

## FACTUAL BACKGROUND

1. On September 16, 2013, Plaintiffs initiated this suit against sixteen Defendants. [Doc. #1]. On October 9, 2013, Plaintiffs' Complaint was stricken based on Fed. R. Civ. P. 8(a) and D.C.COLO.LCivR 8.1A and Plaintiffs were ordered to file an Amended Complaint. [Doc. #18]. The Amended Complaint was filed on October 23, 2013. [Doc. #24].

2. VLF filed a Motion to Dismiss on November 15, 2015. [Doc. #45]. Plaintiffs filed their Response to VLF's Motion to Dismiss on December 5, 2013 [Doc. #61] and VLF filed its Reply on December 19, 2013. [Doc. #69].

3. On June 16, 2014, Magistrate Judge Boland granted VLF's Motion to Dismiss, dismissing the majority of Plaintiffs' claims with prejudice. [Doc. #86].

4. Plaintiffs filed a fourteen-page objection to the Magistrate Judge's opinion on June 28, 2014 [Doc. #88] and VLF responded on July 14, 2014. [Doc. #91].

5. The Recommendation of the U.S. Magistrate Judge was adopted by Judge Blackburn on August 7, 2014. [Doc. #105]. Final judgment was entered on August 8, 2014. [Doc. #106].

## ARGUMENT

A. <u>VLF is entitled to reasonable attorneys' fees under C.R.S. § 12-14-113.</u>

The Colorado Fair Debt Collections Practices Act ("CFDCPA") states that "[i]n the case of any unsuccessful action brought under this section, the plaintiff shall be liable to each defendant in an amount equal to that defendant's cost incurred in defending the action, together with such reasonable attorney fees as may be determined by the court." C.R.S. § 12-14-113 (1.5); *see also Mercantile Adjustment Bureau v. Flood*, 278 P.3d 348, 354 (Colo. 2012) (stating that under the CFDCPA "attorneys' fees and costs are awarded to the prevailing party"). Claim Six of Plaintiffs' Amended Complaint alleged that Defendants violated the CFDCPA. See [Order Adopting Rec. of U.S. Magistrate Judge, Doc. #105, filed Aug. 7, 2014, p. 6.] The claim was dismissed because it was barred by the applicable statute of limitations. Thus, VLF as the prevailing party in an action containing a CFDCPA claim, is entitled to the reasonable attorneys' fees incurred in defending the action.

B. <u>Attorneys' fees should be awarded to VLF under 42 U.S.C. 1988.</u>

Under 42 U.S.C. 1988, in any action brought to enforce a provision of 42 U.S.C. § 1983, a court may grant the prevailing party attorneys' fees. A prevailing defendant should be awarded its fees upon a finding that the plaintiff's action was "frivolous, unreasonable, or without foundation." *Christiansburg Garment Co. v. Equal*

3

*Employment Opportunity Commission*, 434 U.S. 412, 421 (1978). Although loss by the plaintiff is not alone sufficient to justify attorneys' fees, an action that is meritless, groundless, or fails to produce any evidence necessary to withstand summary judgment is sufficient. *See Twiley v. Integris Baptist Medical Center, Inc.*, 16 Fed. Appx. 923 (10th Cir. 2001); *see also Smith v. Smythe-Cramer Co.*, 754 F. 2d 180, 183 (6th Cir. 1985) ("Courts have awarded attorney fees to prevailing defendants where no evidence supports the plaintiff's position or the defects in the suit are of such magnitude that the plaintiff's ultimate failure is clearly apparent from the beginning or at some significant point in the proceedings after which the plaintiff continues to litigate.")

Plaintiffs alleged that VLF's actions related to the Colorado foreclosure process violated their due process rights in violation of 42 U.S.C. § 1983. *See* [Rec. of U.S. Magistrate Judge, Doc. #87, filed June 16, 2014, p. 11]. Additionally, they alleged that VLF and other Defendants engaged in a civil conspiracy pursuant to 42 U.S.C. § 1983. *Id.* at 12. As held by this Court, these claims were dismissed because (1) Plaintiffs did not allege facts sufficient to support a basis for relief, (2) Plaintiffs made no plausible factual allegations to show that VLF was or is a state actor, and (3) the claims were barred by the applicable statute of limitations. *See* [Order Adopting Rec. of U.S. Magistrate Judge, Doc. # 105, filed Aug. 7, 2014, p. 6]. Accordingly, Plaintiffs' action was frivolous, unreasonable, and without factual foundation, and VLF should be awarded the reasonable attorneys' fees incurred in defending this matter.

C. <u>Attorneys' fees should be awarded to VLF under 15 U.S.C. §1692(k) and C.R.S. §6-1-113.</u>

Under the Federal Fair Debt Collections Practices Act ("FDCPA") and the Colorado Consumer Protection Act ("CCPA"), a court may award reasonable attorneys' fees to a prevailing defendant upon a finding that the action was brought in bad faith and/or for the purpose of harassment. 15 U.S.C. § 1692k (court may award defendant attorneys' fees in an FDCPA claim based on a finding that the action was brought in bad faith and for the purpose of harassment); C.R.S. § 6-1-113 (any person who brings an action under the CCPA that is found to be groundless and in bad faith or for the purpose of harassment shall be liable for reasonable attorney fees); *see also Wheeler v. T.L. Roofing, Inc.*, 74 P.3d 499, 506 (Colo. App. 2003) (awarding attorney fees to defendant based on plaintiff's failure to allege any facts supporting requirement that defendant's actions significantly impacted the public). Plaintiffs' Amended Complaint contained claims based on both the FDCPA and the CCPA. See [Order Adopting Rec. of U.S. Magistrate Judge, Doc. # 105, filed Aug. 7, 2014, p. 6.] Both claims were dismissed -- the FDCPA claim based on a statute of limitations defense and the CCPA claim for failure to state a claim. *Id.*

As stated in VLF's Response to Plaintiff's Objection to the U.S. Magistrate Judge's Decision, since the fall of 2010, there have been no fewer than five separate actions involving Plaintiffs and the property at issue in this action. *See, e.g.,* [Rec. of U.S. Magistrate Judge, Doc. #87, filed June 16, 2014, p. 11 (referencing a Rule 120 Hearing, a Federal Quiet Title Complaint, a Initial FED Action, an Initial FED Appeal, a Motion for Reconsideration of Counterclaim Dismissal Order, a Second FED Action, a

5

State Quiet Title Action, a Motion for Reconsideration in State Quiet Title Action, Appeal in State Quiet Title Action, and a Certiorari Petition in State Quiet Title Action)]  Plaintiffs have been unsuccessful in each case, yet they still refused to accept the decisions. Instead they initiated this matter and and extensively objected to the U.S. Magistrate Judge's opinion in two separate pleadings.  *See* [Doc. #23, filed on Oct. 23, 2013; Doc. #88, filed on June 28, 2014].   At this point, their actions and continued doggedness indicate bad faith and harassment.  Thus, VLF is entitled to reasonable attorneys' fees under both the FDCPA and the CCPA as well.

D. VLF's attorneys' fees are reasonable.

As required by D.C.Colo.LCivR 54.3, attached hereto are affidavits from undersigned counsel summarizing their qualifications and experience and listing, in detail, the services rendered on behalf of VLF in this matter.  As stated in their affidavits, undersigned counsel certifies that these services were actually performed and necessary to the defense of VLF's case.  Thus, an award of attorneys' fees in the amount of $29,310.00 is entirely reasonable considering the complicatedness of Plaintiffs' Amended Complaint and the work completed.

WHEREFORE, the Vaden Law Firm respectfully requests an award of attorneys' fees in the amount of $29,310.00 as reflected in Exhibits A and B.

Dated this 29th day of August, 2014

                                            Respectfully submitted,

                                            *s/Nancy L. Cohen*
                                            Nancy L. Cohen
                                            Amanda K. Slater
                                            MiletichCohen PC
                                            1660 Wynkoop St, Ste 1160
                                            Denver, CO 80202
                                            Telephone:  (303) 825-5500
                                            *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of August, 2014, I electronically filed the foregoing DEFENDANT VADEN LAW FIRM, LLC'S MOTION FOR ATTORNEYS' FEES with the Clerk of Court using the CM/ECF system, which will send electronic notification of this filing to:

Mr. Dean L. Jacobs
Ms. Marcielle S. Jacobs
675 S. Pine Street
Byers, CO 80103
303-805-0191
Marcie-Jacobs@comcast.net

Ivan M. Call
Karsh Fulton Gabler Joseph PC
950 South Cherry Street
Suite 710
Denver, CO 80246-2665
**Counsel for Yvonne G. Smith and Gordon D. Smith**

Mark C. Willis
Amy L. Leitch
Kutak Rock LLP
1801 California Street, Suite 3100
Denver, CO 80202-2626
**Counsel for Ocwen, Mers &FHLMC**

Phillip A. Vaglica, of counsel
Christopher T. Groen
Castle Law Group, LLC
999 18th St, Suite 2201
Denver, CO 80202
**Counsel for Lawrence E. Castle**

Alan E. Karsh
950 South Cherry Street, Suite 710
Denver, CO 80246-2665
**Counsel for Megastar Financial Corp.**

    I further certify that on this 19th day of August, 2014, I have sent via US Mail the foregoing DEFENDANT VADEN LAW FIRM, LLC'S MOTION FOR ATTORNEYS' FEES to:

Mr. Dean L. Jacobs
Ms. Marcielle S. Jacobs
675 S. Pine Street
Byers, CO 80103
303-805-0191

                                                 s/ Nancy Cohen
                                                 Nancy Cohen
                                                 MiletichCohen PC
                                                 1660 Wynkoop St, Ste 1160
                                                 Denver, CO 80202
                                                 Telephone: (303) 825-5500
                                                 *Counsel for Defendant*