**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-02518-REB-BNB

DEAN L. JACOBS, and
MARCIELLE S. JACOBS,

    Plaintiffs,

v.

OCWEN LOAN SERVICING, LLC,
FEDERAL HOME LOAN MORTGAGE CORPORATION,
VADEN LAW FIRM, LLC,
LAWRENCE E. CASTLE, in his individual capacity,
MEGASTAR FINANCIAL CORP.,
YVONNE G. SMITH,
GORDON D. SMITH,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. "MERS",
MERSCORP HOLDINGS, INC.,

    Defendants.

## ORDER GRANTING MOTIONS FOR ATTORNEY FEES

**Blackburn, J.**

The matters before me are: (1) **Defendant Lawrence E. Castle's Motion for Attorney Fees** [#109][1] filed August 21, 2014; and (2) **Defendant Vaden Law Firm, LLC's Motion for Attorneys' Fees** [#112] filed August 29, 2014.  No response was filed addressing either motion.  I grant both motions.

### I. JURISDICTION

I have subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1367 (supplemental jurisdiction).

---

[1] "[#109]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

## II.  STANDARD OF REVIEW

The generally applicable "American Rule" provides that "the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser" unless specifically authorized by statute.  ***Alyeska Pipeline Service Co. v. Wilderness Society***, 421 U.S. 240, 247 (1975); ***see also Federal Trade Commission v. Kuykendall***, 466 F.3d 1149, 1152 (10th Cir. 2006).  However, in this case attorney fees may be awarded under 42 U.S.C. § 1988 to the extent those fees are related to claims asserted under 42 U.S.C. § 1983.  In addition, attorney fees may be awarded under the fee shifting provisions of §12-14-113 (1.5), C.R.S. (a part of the Colorado Fair Debt Collections Practices Act); 15 U.S.C. § 1692k(a)(3) (a  part of the Federal Fair Debt Collections Practices Act); and §6-1-113(3), C.R.S. (a part of the Colorado Consumer Protection Act).

The fee shifting provisions above involve both federal law and the law of the State of Colorado.  Under Colorado law, if a statute providing for an award of reasonable attorney fees does not provide a definition of reasonableness, "the amount of the award must be determined in light of all the circumstances, based upon the time and effort reasonably expended by the prevailing party's attorney."  ***Tallitsch v. Child Support Services, Inc.***, 926 P.2d 143, 147 (Colo. App.1996) (internal quotation and citation omitted).  The statutes at issue here do not provide a definition of reasonableness. Thus, "[i]n awarding attorney fees, the trial court may consider, among other factors, the amount in controversy, the duration of representation, the complexity of the case, the value of the legal services to the client, and the usage in the legal community concerning fees in similar cases.  No one of these factors is conclusive." ***Melssen v. Auto-Owners Ins. Co.***, 285 P.3d 328, 339 (Colo. App.,2012) (citation

omitted).[2]  "The party requesting an award of attorney fees bears the burden of proving by a preponderance of the evidence its entitlement to such an award." ***American Water Development, Inc. v. City of Alamosa***, 874 P.2d 352, 383 (Colo. 1994)

The Colorado and federal standards for calculating a reasonable attorney fee are essentially identical.  The starting point for any calculation of a reasonable attorney fee is the "lodestar," that is, the number of hours reasonably expended multiplied by a reasonable hourly rate.  ***Hensley v. Eckerhart***, 461 U.S. 424, 433 (1983); ***Malloy v. Monahan***, 73 F.3d 1012, 1017-18 (10th Cir. 1996).  In determining the reasonable number of hours spent on the litigation, the applicant must exercise the same "billing judgment" as would be proper in setting fees for a paying client.  ***Hensley***, 461 U.S. at 437; ***Malloy***, 73 F.3d at 1018.  "'Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority.'" ***Hensley***, 461 U.S. at 434 (quoting ***Copeland v. Marshall***, 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc)) (emphases in ***Copeland***).  Counsel, therefore, must make a good faith effort to exclude hours that are "excessive, redundant or otherwise unnecessary." ***Id***.

### III.  ANALYSIS

This case concerned a foreclosure by a lender on the home once owned by the plaintiffs, Dean and Marcielle Jacobs.  In their amended complaint [#24], the Jacobs asserted claims against various entities and persons allegedly involved in the

---

[2] Rule 1.5 of the Colorado Rules of Professional Conduct provides a similar list of factors.  "The factors to be considered in determining the reasonableness of a fee include the following:(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;(3) the fee customarily charged in the locality for similar legal services;(4) the amount involved and the results obtained;(5) the time limitations imposed by the client or by the circumstances;(6) the nature and length of the professional relationship with the client;(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and(8) whether the fee is fixed or contingent."

foreclosure proceedings. Their claims included: (1) 42 U.S.C. § 1983 (due process); (2) 42 U.S.C. § 1983 (equal protection); (3) 42 U.S.C. § 1983 (civil conspiracy); (4) fraud; (5) violation of the federal Fair Debt Collection Practices Act; (6) violation of the Colorado Fair Debt Collection Practices Act; (7) violation of the Colorado Consumer Protection Act; (8) negligence per se; (9) intentional infliction of emotional distress; (10) negligence; and (11) violation of the Colorado statute which prohibits spurious lien documents.

All of the claims of the Jacobs were dismissed for failure to state a claim on which relief can be granted.  The claims and bases for dismissal are detailed in recommendations [#57, #84, #85, #86, & #87] of the United States Magistrate Judge assigned to this case and in my order [#105] adopting those recommendations and granting the corresponding motions to dismiss.  To rehearse, there is no arguable basis for any of the claims of the Jacobs.

### A.  Entitlement to Award of Attorney Fees

#### 1.  Lawrence E. Castle

Defendant Lawrence E. Castle seeks an award of attorney fees under 42 U.S.C. § 1988.  Under § 1988, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."  The threshold for awarding attorney fees to a prevailing defendant under § 1988 is high:

> While a prevailing plaintiff ordinarily is entitled to attorney fees, a prevailing defendant in a civil rights action may recover attorney fees only if the suit was vexatious, frivolous, or brought to harass or embarrass the defendant.  This is a difficult standard to meet, to the point that rarely will a case be sufficiently frivolous to justify imposing attorney fees on the plaintiff.

***Mitchell v. City of Moore, Oklahoma***, 218 F.3d 1190, 1203 (10th Cir. 2000) (citations and internal quotation marks omitted). Moreover, "[i]n applying these criteria, it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." ***Christiansburg Garment Co. v. EEOC***, 434 U.S. 412, 421-22 (1978). **See also *Mitchell***, 218 F.3d at 1203 ("The dismissal of claims at the summary judgment stage does not automatically meet this stringent standard.")

The only claims asserted against Lawrence E. Castle were claims under 42 U.S.C. § 1983. For a variety of reasons, the § 1983 claims asserted against Mr. Castle are groundless. Summarizing the recommendation [#84] of the magistrate judge, I stated in my order [#105], "the allegations of the plaintiffs concerning Mr. Castle are vague and conclusory, and the plaintiffs aver no plausible factual allegations which show that Mr. Castle is a state actor, as that term applies under § 1983." *Order* [#84], p. 5. The claims asserted against Mr. Castle are facially baseless, and there is no reasonable argument to be made in support of those claims. At minimum, the filing of such a facially baseless complaint against Mr. Castle is vexatious and frivolous. Thus, I conclude that Mr. Castle is entitled to an award of attorney fees under § 1988.

2. Vaden Law Firm, LLC

In their amended complaint [#24], the Jacobs asserted eleven claims. The Vaden Law Firm, LLC was named as a defendant in all of the claims, except claim ten. The first, second, third, fifth, sixth, and seventh claims in the amended complaint are

asserted under a statutory scheme with a provision for an award of attorney fees. In its motion, the Vaden firm seeks an award of attorney fees under each of those fee shifting provisions.

Summarizing the recommendation [#86] of the magistrate judge, I stated in my order [#105]:

> For the reasons detailed by the magistrate judge in his recommendation [#86], claims one, two, and three (§ 1983 - due process, equal protection, civil conspiracy) must be dismissed because these claims are barred by the applicable statute of limitations, because the plaintiffs make no plausible factual allegations which show that the Vaden Law Firm is a state actor, as that term applies under § 1983, and because otherwise the factual allegations in the amended complaint [#24] are not sufficient to state a claim on which relief can be granted under § 1983. Claim four (fraud) must be dismissed because this claim is barred by the applicable statute of limitations and because otherwise the factual allegations in the amended complaint [#24] are not sufficient to state a claim for fraud. Claims five and six (federal and Colorado Fair Debt Collections Practices Acts) must be dismissed because they are barred by the applicable statutes of limitations.
>
> Claim seven (Colorado Consumer Protection Act (CCPA)) must be dismissed because the allegations in the amended complaint [#24] are not sufficient to state a CCPA claim. Specifically, the allegations of the plaintiff are not sufficient to plausibly allege an impact on the public, an essential element of a CCPA claim. ***Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.***, 62 P.3d 142, 149 (Colo. 2003). Claims eight (negligence per se), nine (intentional infliction of emotional distress), and eleven (spurious lien documents) must be dismissed because these claims are barred by the applicable statute of limitations. In addition, the factual allegations in the amended complaint [#24] are not sufficient to state a claim on which relief can be granted.

Addressing the § 1983 claims, those claims are facially baseless, and there is no reasonable argument to be made in support of those claims. The filing of such facially baseless claims against the Vaden firm is vexatious and frivolous. Thus, I conclude that the Vaden firm is entitled to an award of attorney fees under § 1988.

Section 12-14-113 (1.5), C.R.S., part of the Colorado Fair Debt Collections Practices Act, provides relevantly: "In the case of any unsuccessful action brought under this section, the plaintiff shall be liable to each defendant in an amount equal to that defendant's cost incurred in defending the action, together with such reasonable attorney fees as may be determined by the court."  The Colorado Fair Debt Collections Practices Act claim of the Jacobs was not successful.  Thus, the Vaden firm is entitled to an award of attorney fees under this statute.

15 U.S.C. § 1692k(a)(3), part of the Federal Fair Debt Collections Practices Act, provides for an award of attorney fees against a plaintiff if the court finds that the "action under this section was brought in bad faith and for the purpose of harassment . . . ."  When a reasonable investigation would reveal that factual allegations in a complaint or available evidence do not support a Federal Fair Debt Collections Practices Act claim, pursuit of such a claim is in bad faith.  ***See, e.g., Rhinehart v. CBE Group, Inc.***, 714 F.Supp.2d 1183, 1186 (M.D.Fla. 2010).

Section 6-1-113(3), C.R.S., part of the Colorado Consumer Protection Act, provides for an award of attorney fees against a plaintiff if the court finds the claim "to be groundless and in bad faith or for the purpose of harassment . . . ."  In **Wheeler v. T.L. Roofing, Inc.**, the court found an award of attorney fees to be appropriate when the plaintiff "did not allege, nor is there any showing in any factual material submitted by the parties that the alleged conduct of [defendant] significantly impacts the public as an actual or potential consumer."  74 P.3d 499, 506 (Colo. App. 2003).  As noted above, the claim of the Jacobs under the Colorado Consumer Protection Act was dismissed on

the same basis.

Under Fed. R. Civ. P. 11, a party who signs a pleading "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that "the claims . . . and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law" and that "the factual contentions have evidentiary support . . . ." Filing a complaint without conducting such a reasonable inquiry and asserting claims which have no arguable basis in fact or law results in the imposition of a needless burden on the defendants.

Having reviewed the record, I find and conclude that the claims of the Jacobs under the Federal Fair Debt Collections Practices Act and the Colorado Consumer Protection Act both are groundless and were filed in bad faith. This is true because, at minimum, the Jacobs filed these claims without any reasonable investigation of the factual and legal bases for these claims. Notwithstanding the lack of any investigation, the Jacobs asserted claims against the Vaden firm that were not reasonably plausible or arguable. Instead, those claims were and are facially invalid. As a consequence, the Vaden firm is entitled to an award of attorney fees under both 15 U.S.C. § 1692k(a)(3) and § 6-1-113(3), C.R.S.

B.  Reasonable Attorney Fees

Both Mr. Castle and the Vaden firm have included with their motions billing records of their attorneys, which billing statements document the number of hours their attorneys spent defending against the claims of the Jacobs and detailing how those hours were spent in defending those claims. The hours spent by counsel for Mr. Castle

and for the Vaden firm are reasonable. Counsel for Mr. Castle billed at an hourly rate of 200 dollars. The two attorneys for the Vaden firm billed at hourly rates of 225 dollars and 175 dollars. These hourly rates are very reasonable. Obviously, counsel for Mr. Castle and the Vaden firm were successful in this litigation. All of the claims of the Jacobs against these two defendants were dismissed with prejudice.

Based on the lodestar calculation detailed in the motion filed by Mr. Castle, he is entitled to an award of reasonable attorney fees in the amount of 5,260.00 dollars. Based on the lodestar calculation detailed in the motion filed by the Vaden firm, it is entitled to an award of reasonable attorney fees in the amount of 29,310.00 dollars. None of the other relevant factors augurs toward a downward or upward adjustment of these lodestar figures. The difference in the amount of attorney fees incurred by these two defendants is explained in large part, if not totally, by the number and complexity of the claims asserted against the Vaden firm, as opposed to the two § 1983 claims asserted against Mr. Castle.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant Lawrence E. Castle's Motion for Attorney Fees** [#109] filed August 21, 2014, is granted;

2. That under 42 U.S.C. § 1988, defendant Lawrence E. Castle is awarded attorney fees of 5,260.00 dollars;

3. That **Defendant Vaden Law Firm, LLC's Motion for Attorneys' Fees** [#112] filed August 29, 2014, is granted;

4. That under 42 U.S.C. § 1988, §12-14-113 (1.5), C.R.S., 15 U.S.C. §

1692k(a)(3), and §6-1-113(3), C.R.S., defendant Vaden Law Firm, LLC is awarded attorney fees of 29,310.00 dollars;

      5.  That the plaintiffs, Dean L. Jacobs and Marcielle S. Jacobs, shall be jointly and severally liable for the attorney fees awarded in this order; and

      6.  That on or before April 24, 2015, the plaintiffs, Dean L. Jacobs and Marcielle S. Jacobs, shall pay to the defendants, Lawrence E. Castle and the Vaden Law Firm, LLC, the reasonable attorney fees awarded to those defendants in this order.

      Dated March 26, 2015, at Denver, Colorado.

      **BY THE COURT:**

*[Signature: Bob Blackburn]*

Robert E. Blackburn
United States District Judge